UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIVIDAD ARANDA BAUTISTA, Petitioner, v. WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, et al., Respondents. | Case No.: 26-CV-5977 JLS (VET) **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** (ECF No. 1) |

Presently before the Court are Petitioner Natividad Aranda Bautista's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet.," ECF No. 1), Respondents' Return ("Ret.," ECF No. 4), and Petitioner's Traverse ("Trav.," ECF No. 5). For the following reasons, the Court **GRANTS** the Petition.

**BACKGROUND**

Petitioner, a citizen of Mexico, entered the United States without inspection sometime before 2013. Ret. at 1. Petitioner was ordered removed in July 2013 and was indeed removed the same day. *Id.* A couple of days later, Petitioner re-entered the United States again without inspection. *Id.* On October 12, 2026, ICE officers "conducted a review of the agency database and determined that Petitioner re-entered the United States without authorization." *Id.* at 2. Petitioner was arrested—without a warrant—the same

day. *Id.* No criminal charges were filed, so Petitioner was transferred to ICE custody on October 15, 2026. *Id.* The same day, authorities issued a notice to reinstate prior removal and a warrant of removal. *Id.* Exs. 2, 3.

Petitioner argues that his warrantless arrests violates due process and necessitates release. Pet. 2–3.

**LEGAL STANDARD**

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

**DISCUSSION**

The Parties appear to agree that if Petitioner is detained under 8 U.S.C. § 1226(a), a warrant or an exception would have been needed to arrest Petitioner. *See generally* Pet.; Ret. But Respondents argue that because Petitioner now has an order of removal against him, he is instead detained under 8 U.S.C. § 1231(a). *Id.* at 2. Thus, no warrant was required. *Id.* Petitioner counters that Petitioner is in fact detained under § 1226(a), and even if he is not, 8 U.S.C. § 1357(a)(2) still required a warrant or an exception before Petitioner could be arrested. Trav. At 1–5. The Court sides with Petitioner.

Section 1231 outlines procedures for when an alien is ordered removed. *See* 8 U.S.C. § 1231. This "removal period" begins *after* an order of removal becomes

administratively final. *Id.* § 1231(b)(i). And during this period, the Attorney General "shall detain the alien." *Id.* § 1231(c). Thus, only aliens who have been ordered removed are subject to § 1231.

Section 1226, on the other hand, governs the procedures for apprehending and detaining aliens. *See* 8 U.S.C. § 1226. Aliens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226 . . . ." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Under this section, an alien may be arrested pending a removal decision after a warrant is issued by the Attorney General. 8 U.S.C. § 1226(a). An exception to this warrant requirement exists when an officer "has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2).

As Petitioner is challenging his initial arrest, the relevant question is what procedures governed Petitioner's detention *at the time of his arrest*. Here, Petitioner was arrested on October 12, 2026. Ret. at 2. But Respondents did not issue a notice to reinstate prior removal or a warrant of removal until three days later. *Id.* Exs. 2, 3. So at the time of his arrest, Petitioner's removal period had not yet begun, and he could not have been subject to detention under § 1231. Petitioner was instead initially detained under § 1226, which requires a warrant or an exception under § 1357. *See Rodriguez Vazquez*, 183 F.4th at 1165; *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995). As it is undisputed that neither of these existed at that time, *see generally* Pet.; Ret., this unlawful arrest violated Petitioner's due process rights. And because a bond hearing would not remedy that violation, Petitioner is entitled to release. *See Vasquez-Perdomo v. Mullin*, No. 25-CV-5605, 2026 WL 2751388, at *6 (C.D. Cal. Sept. 2, 2026); *Gomez v. Wofford*, No. 1:26-CV-05299 (VC), 2026 WL 2065708, at *2-3 (E.D. Cal. July 16, 2026); *Diaz Escalante v. LaRose*, No. 26-CV-4259 LEK (AHG), 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026).

/ / /

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** Respondents to immediately release Petitioner from custody. The Court **ORDERS** that, prior to any re-detention of Petitioner, the government must either obtain a warrant under 8 U.S.C. § 1226(a) authorizing Petitioner's arrest, comply with the warrant exception under 8 U.S.C. § 1357(a)(2), or obtain a final order of removal under 8 U.S.C. § 1231. The Parties are **ORDERED** to file a Joint Status Report by November 20, 2026, confirming that Petitioner has been released. As this concludes the litigation in this case, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: November 13, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge